# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

Lyle W. Cayce
Clerk

No. 11-30089
Summary Calendar

GLEN P. WATKINS

Plaintiff-Appellant

v.

LANNY JOHNSON, Superintendent, Franklin Parish School Board;
SCHOOL BOARD OF FRANKLIN PARISH,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CV-25

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Glen P. Watkins, holder of a Louisiana teaching certificate, was hired for two consecutive school years as a teacher at two different schools in Franklin Parish, Louisiana.  His hiring for the second school year was to fill the position of a teacher who was on a one-year sabbatical leave and whose return  eliminated that vacancy, making the position unavailable for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30089

Watkins or anyone else.   Watkins applied for another position which was ultimately filled by an applicant who did not hold a state teacher's certificate. Watkins sued Defendants-Appellees claiming a "discriminatory failure to re-hire" on the basis of race and sex.  The district court granted summary judgment in favor of Defendants-Appellees, concluding that Watkins had failed to establish a genuine issue of material fact whether the non-discriminatory reasons proffered by Defendants-Appellees were pretextual.

Our *de novo* review of the record on appeal, including the Memorandum Ruling of the district court and the law and evidence cited therein and in the appellate briefs of the parties, leads us to the same conclusion as that reached by the district court, i.e., that Defendants-Appellees are entitled to a summary judgment dismissing Watkins's action.  The school actors who did not re-hire Watkins were the same ones who hired him in the first place, creating a strong inference that the non-discriminatory reasons for doing so were not pretextual. We agree with the district court that any potential violation of state law in hiring a person without a state certificate over one who holds such a certificate does not translate into a pretext for sex or race discrimination under Title VII. Likewise, the substantial summary judgment evidence of Watkins's deficiency in maintaining order and discipline in his classes during the two years of his employment as a teacher argues against pretext.

In sum, we are satisfied that, even if Watkins is credited with having made a prima facie case, he has failed to establish a genuine issue of material fact that the non-discriminatory reasons for his not being rehired are pretext. Accordingly, for essentially the same reasons laid out in detail by the district court in its Memorandum Ruling, that court's summary judgment dismissing this case is, in all respects
AFFIRMED.

2